O

ENTERED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JAN - 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION
JAN - 9 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER RAICHL,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-0697 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

The Court now rules as follows with respect to the two disputed issues listed in the Joint Stipulation.[1]

**A.   <u>Reversal is not warranted based on the ALJ's alleged failure to properly consider the opinions of plaintiff's treating physician.</u>**

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

Disputed Issue No. 1 is directed to the ALJ's failure to credit the opinions of plaintiff's treating physician, Dr. Diamreyan, regarding plaintiff's mental limitations as reflected on a form titled "Medical Opinion re: Ability to Do Work-Related Activities (Mental)" that is dated September 9, 2010. (See AR 396-97.)

The Court concurs with the Commissioner that the reasons given by the ALJ at AR 18 for not crediting Dr. Diamreyan's opinions were supported by the record and legally sufficient. See, e.g., Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting the treating physician's opinion); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) (ALJ properly discounted treating physician's report obtained solely for purposes of the administrative hearing); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions); Johnson v. Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (ALJ's finding that treating physician had agreed to become an advocate and assist the claimant in presenting a meaningful petition for benefits constituted a specific and legitimate reason for disregarding the physician's opinions).

Accordingly, the Court rejects plaintiff's contention that reversal is warranted based on the ALJ's alleged failure to properly consider Dr. Diamreyan's opinions.[2]

**B. Reversal is not warranted based on the ALJ's alleged failure to make a proper Step Two determination.**

Disputed Issue No. 2 is directed to the ALJ's finding that plaintiff did not have a severe impairment or combination of impairments because her physical and mental impairments, considered singly and in combination, did not significantly limit her ability to perform basic work activities. (See AR 19.)

At Step Two of the Commissioner's sequential evaluation process, the claimant bears the burden of making a threshold showing that their medically determinable impairments are severe. See Bowen v. Yuckert, 482 U.S. 137, 145-46, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). The Social Security Regulations and Rulings, as well as case law applying them, discuss the Step Two severity determination in terms of what is "not severe." According to the Commissioner's regulations, an impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities." See 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a). Basic work activities are "abilities and aptitudes necessary to do most jobs," including "[p]hysical functions walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." See 20 C.F.R. §§ 404.1521(b), 416.921(b); Social Security Ruling 85-28. "An impairment . . . may be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." See Webb v. Barnhart, 433 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted). As the Ninth Circuit observed in Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996), at Step Two, the ALJ "must

---

[2] For the reasons stated by the Commissioner (see Jt Stip at 12), the Court also rejects plaintiff's contention that the ALJ had a duty to recontact Dr. Diamreyan.

consider the combined effect of all of the claimant's impairments on her ability to function, without regard to whether each alone was sufficiently severe" and also "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity."

Here, the Court notes that plaintiff's contention that the ALJ erred in not finding plaintiff's De Quervain's syndrome severe is not predicated on the opinions of any physicians of record to the effect that plaintiff's physical ability to do basic work activities was more than minimally effected by her De Quervain's syndrome. Nor is plaintiff's contention predicated on any symptoms of her De Quervain's syndrome that are documented in the medical record. Rather, plaintiff's contention is predicated solely on a Wikipedia entry. (See Jt Stip at 15.)

The Court further notes that plaintiff is not even contesting the ALJ's adverse credibility determination.

Finally, to the extent that plaintiff's position with respect to Disputed Issue No. 2 also is predicated in part on the ALJ's alleged failure to properly consider Dr. Diamreyan's opinions (see Jt Stip at 16), the Court's rejection of plaintiff's position with respect to Disputed Issue No. 1 is dispositive of that part of plaintiff's position with respect to Disputed Issue No. 2.

For the foregoing reasons, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to make a proper Step Two determination.

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: January 8, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4